UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL CRAIG SLATER, | ) | 1:08-CV-00571 OWW JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION FOR A STAY PENDING APPEAL |
| v. | ) | |
| | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION FOR TEMPORARY STAY TO |
| WILLIAM SULLIVAN, et al., | ) | PETITION NINTH CIRCUIT FOR A STAY |
| | ) | |
| Respondents. | ) | |

Petitioner is a State prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 27, 2009, the Magistrate Judge issued a Findings and Recommendation, recommending that the petition for writ of habeas corpus be granted. (Court. Doc. 20). On November 20, 2009, the petition for writ of habeas corpus was granted, adopting the findings and recommendation in full. (Court. Doc. 23). The order provided:

> The California Board of Parole Hearings shall find Petitioner suitable for parole unless, within 30 days of the finality of this decision, the Board holds a hearing and determines that new evidence of his conduct in prison or change in mental status subsequent to the October 2005 parole consideration hearing is sufficient to support a finding that Petitioner currently poses an unreasonable risk of danger to society if released on parole. In the absence of any such new evidence showing Petitioner poses a current risk of danger to society based on new evidence, the Board shall calculate a prison term and release date for petitioner in accordance with California law. Further, if the release date already has lapsed, Respondent shall, within 10 days of the Board's hearing, either release petitioner forthwith if his release date lapsed more than three years earlier, or release petitioner on parole for that period of his three year parole term that remains if the release date lapsed less than three years earlier.

(Court Doc. 23 at 8-9).

On December 4, 2009, Respondent submitted a motion to this Court to stay the Court's November 20, 2009 order. (Court. Doc. 25). Alternatively, Respondent asked for a *five day* stay of the proceedings to permit application for interim relief pending appeal.

Petitioner filed objections to Respondent's motion on December 7, 2009. (Court. Doc. 27).

## DISCUSSION

Respondent argues that the balancing of the factors articulated in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) weighs in favor of the Court exercising its discretion to issue a stay. (Court Doc. 26 at 2). The factors to be weighed in deciding whether to issue a stay of release, which are generally the same as those governing stays of civil judgement, are: (1) whether the applicant has made a strong showing that he/she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776.

### 1. Showing of Prevailing on the Merits

Respondent's discussion of the likelihood of success on the merits relies heavily on the same arguments Respondent raised in the objections to the findings and recommendation–namely arguing again that there is no clearly established federal law requiring that some evidence support the denial of parole, that application of the some evidence standard was not objectively unreasonable by the State court, and that the Court's November 20, 2009 order contained an improper remedy. (See Court Doc. 21). As articulated by the November 20, 2009 order, these arguments are unavailing under current Ninth Circuit law; therefore, the Court rejects Respondent's contention that he is likely to prevail on the merits on appeal.

### 2. Irreparable Harm to Respondent

Respondent next argues that the Board,[1] the Governor, and the entire California parole system, will be irreparably injured absent a stay. Respondent argues that the remedy ordered by the Court irreparably harms the Governor as it usurps the executive's legislatively mandated functions. Additionally, Respondent argues that the remedy would force the Board to apply parole credits not

---

[1] All subsequent references to the Board refer to the California Board of Parole Hearings.

available under California law, thereby harming the parole system.  Lastly, Respondent argues that the State's interest in public safety will be irreparably injured.  The Court addresses Respondent's respective argument below.

### A.     Usurping Executive Function

Respondent agues that, "an order directing the Board to release Slater without allowing the Governor an opportunity to review its decision usurps the constitutional and legislative mandates with which the Governor is charged." (Court. Doc. 25 at 6).  This argument has been rejected by several district court.  *See Urieta v. Curry*, No. C 07-3935 RMW, 2009 WL 3618704, *2 (N.D. Cal. Oct. 29, 2009)(noting that "the futility of remanding a parole case for re-review when a habeas court has already reviewed the evidence and found it insufficient to sustain an unsuitability finding has been rejected in both the state and federal courts"); *see, e.g., Blankenship v. Kane*, No. C 04-5450 CW, 2007 WL 2214102 at *3-4 (N.D. Cal. July 30, 2007) (concluding a remand to the Governor after already reversing the Governor's decision rejecting the Board's parole grant would be clear error); *In re Burdan*, 169 Cal.App.4th 18, 29 (Cal. Ct. App. 2008).   The Court finds the rationale of these courts persuasive and therefore finds no irreparable harm would result to the governor.

### B.     Harm to Parole System

Respondent argues that the parole system will be irreparably harmed as the remedy would apply parole credits not available under California law.  (Court Doc. 26 at 6).  In support of this contention, Respondent cites *In re Chaudhary*, 172 Cal.App.4th 32, 37 (Cal. Ct. App. 2009), arguing that the State appellate court's decision should be read to preclude a federal habeas court from allowing time spent in prison to satisfy the five year parole discharge eligibility requirement contained in California Penal Code Section 3000.1.[2]  *Chaudhary* stated that:

> [California Penal Code] Section 3000.1's five-year parole discharge eligibility requirement is expressly limited to the period of time after the parolee "has been released on parole" and requires that the parolee serve five continuous years on parole "since [the parole's] release from confinement." By placing these explicit limitations on the parole discharge eligibility requirement, the Legislature made unmistakably clear that a parolee must first have "been released on parole" and must then complete

---

[2] The November 20, 2009 order adopting and the July 27, 2009 findings and recommendation mistakenly stated that the parole discharge eligibility requirement was three years.  Respondent is correct that the time period for parole discharge in Petitioner's case is five years.  However, the error is neither material to the Court's order granting parole.

> five continuous years on parole after the parolee's "release from confinement." This intent explicitly precludes the application of any time spent in custody prior to release to satisfy any part of section 3000.1's five-year parole discharge eligibility requirement.

*Id*. at 36-37.

As noted by the district court in *Thompson v. Carey*, No. CIV S-05-1708 GEB EFB, 2009 WL 1212202, *4 (E.D. Cal. May 05, 2009), *Chaudhary* rationale is inapplicable to a federal habeas court's fashioning of an appropriate remedy:

> [N]either respondent nor the *Chaudhary* court addressed the federal due process ramifications of a prisoner, such as petitioner, being excessively confined for several years. Application of Section 3000.1 in the manner suggested by respondent and the *Chaudhary* court would leave those prisoners without any effective remedy for their unconstitutional confinement. The Ninth Circuit's ruling in *McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir.2003) ( "McQuillion II" ) suggests that such an application is not constitutionally acceptable...[¶]Although the *Chaudhary* court distinguished *McQuillion* on the grounds that *McQuillion* was subject to a fixed parole period, not lifetime parole, the *Chaudhary* court did not acknowledge the rationale set forth in *McQuillion*: that a prisoner who is unconstitutionally confined should be given credit for that time and placed in the position he would have been in had he been released on time. *McQuillion* II, 342 F.3d at 1015; *see also Carlin v. Wong*, 2008 WL 3183163, at *2 (N.D. Cal. Aug.4, 2008) ("[T]he court finds that the actual surplus time that petitioner has been incarcerated beyond his parole date should be credited toward his post-release parole period."); *Martin v. Marshall*, 448 F.Supp.2d 1143, 1145 (N.D.Cal. 2006) (finding that the actual surplus time petitioner served in prison should be deducted from his parole period).

In light of the fact that federal habeas courts have "broad discretion in conditioning a judgment granting habeas relief" and "dispos[ing] of habeas corpus matters 'as law and justice require,'" *Hilton*, 481 U.S. at 775, the Court finds the rationale in *Thompson* persuasive.  *See also Milot v. Haws*, 628 F.Supp.2d 1152, 1157-1158 (C.D. Cal. June 8, 2009) (citing *McQuillion II*, 342 F.3d at 1015 and *Burnett v. Lampert*, 432 F.3d 996, 1000 (9th Cir. 2005), in rejecting Respondent's contention that the district court had no authority to credit petitioner for time spent on parole and ordering as a remedy that the Board "release petitioner on parole for that period of his three year parole term that remains if the release date lapsed less than three years earlier").  Consequently, the Court finds Respondent's argument that the parole system will be irreparably injured because credits toward a parole term are unavailable under state law unpersuasive.  *See Urieta*. 2009 WL 3618704 at *3.

\\\

### C. Public Safety Interest

The Court's November 20, 2009 order and the findings and recommendation issued on July 27, 2009, make clear that there was no evidence in the record to support a determination that Petitioner poses a current risk of danger to the public safety. The remedy ordered provided opportunity by the Respondent to introduce a new showing that Petitioner posed a current risk of danger to society if such evidence existed at the time of the hearing. Respondent's argument that the public interest will be harmed if the Court denies a stay is speculative at best.

### 3. Injury to Petitioner

Respondent argues that the injury to Petitioner would not substantially injure Petitioner as Petitioner is serving an indeterminate life term "for which he is seeking early release on parole." (Court Doc. 26 at 7). "To remain in prison after a successful habeas petition injures [Petitioner] and extends the due process violation already recognized by the court." *McCullough v. Kane*, No. C 05-02207 MHP, 2008 WL 512709, *6 (N.D. Cal. Feb. 25, 2008) (noting that long delay in appellate process weighs in favor of release); *see Mezhbein v. Salazar*, No. CV 06-8059-DOC-MLG, 2008 WL 1908533, *3 (C.D. Cal. April 27, 2008) (stating, "[a] stay pending appeal will substantially harm Petitioner...if the stay is granted Petitioner will face a prolonged period of continued incarceration when it has been determined that the denial of parole was not supported by the evidence. There can be no doubt that a stay will substantially injure Petitioner"); *see also Saldate v. Adams*, 573 F.Supp.2d 1303, 1315 (E.D. Cal. July 10, 2008) (rejecting Respondent's argument that a stay would not substantially injure Petitioner because of Petitioner's indeterminate life sentence and finding that a stay under the *Hilton* factors was not appropriate).

### 4. Public Interest

Likewise, Respondent's argument that "the public has an interest in the Board's decision remaining undisturbed during the pendency of the appeal" is unconvincing. *See McCullough*, 2008 WL 512709 at *6 (citing *Biggs v. Terhune*, 334 F.3d 910, 916-917 (9th Cir. 2003) in noting that "the public has an interest in rewarding an inmate's rehabilitation and positive conduct"); *see also Saldate v. Adams*, 573 F.Supp.2d at 1315 (finding Respondent has failed to establish that public interest weighed in favor of granting stay based on argument that public interest

1  has interest in ensuring that decisions by the Board remain undisturbed).

## CONCLUSION

After reviewing the *Hilton* factors, a stay is inappropriate. Respondent has not made a sufficient showing that he likely to succeed on appeal nor has he shown irreparable injury. Conversely, Respondent has not established sufficiently that Petitioner will not be harmed and has failed to establish that the public interest clearly lies in favor of a stay such that a stay should be issued by the Court. Thus, Respondent has not adequately met its "difficult burden" of showing that a stay of this Court's order is necessary. *See Hilton*, 481 U.S. at 776; *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1994). Respondent's application for a stay pending appeal is DENIED.

Additionally, Respondent's alternative motion for a temporary stay of the November 20, 2009 Order Granting Habeas Petition to allow him to seek a stay from the Ninth Circuit is GRANTED. The temporary stay will last until *five days* from the date of this order so that Respondent may file in the Ninth Circuit an application for a stay or any other application for interim relief pending the appeal. *See* 9th Cir. R. 27-2.

IT IS SO ORDERED.

**Dated:   December 17, 2009**             /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE